The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. This is our case number 422-0319, Roseberry et al. v. Hillebrenner. Please introduce yourself for the appellant. Good afternoon. Walker Philbert for the appellants, Roseberry, Hillebrenner, and Hillebrenner. Tammy Appellee. Good afternoon, Your Honors. Tammy Julian for the defendant, Appellee, and that is Farrell Hillebrenner individually, as well as Farrell Hillebrenner, executor of the estate of Thomas Hillebrenner. Thank you. You may proceed, Mr. Philbert. Thank you, Your Honors, and may it please the court. We're here today asking for reversal on a order that the Honorable Judge Wessel had entered after the mandate had come down in the underlying case. This matter had started back in October 7th of 2021, excuse me, of 2020, when a judgment was entered in the circuit court with Judge Wessel. All parties were present, all parties were represented by counsel, and that order laid out a specific roadmap as to the judgment amounts that would be entered after the court had ruled in favor of the plaintiffs. That also laid out the roadmap while this matter went up on appeal to this Honorable Court on the underlying issue of who actually was going to end up owning the property in question. The court entered its ruling in that matter, and the mandate on that came down in the summer of 2021, and the mandate became finalized. That judgment, which laid out the details on how you calculate the amount that was going to be owed, was set in stone. Nothing in that particular part of the judgment was cross-appealed or challenged by the defendant or the appellee in this case, and so we had a final mandate. After that mandate, a demand letter went out for payment of the judgment and calculation. That was in August of 2021, and then in September, early September of 2021, a letter came back indicating here is a check. By the way, I'll use the term self-help in that we have these items that our client, in this case the appellee, paid for, and we're going to deduct that from the judgment amount. Thank you very much. That was the first time that that issue had ever been raised at any point. It had never been raised back in October of 2020. It had never been raised subsequently to that, and it certainly wasn't raised on appeal. The plaintiffs, in this case, proceeded with a petition for indirect civil contempt to enforce the judgment as was entered in October of 2020, and it was part of a final mandate order. That came before the Honorable Judge Wessel. Certain dollar amounts were presented. Specifically, it's items 2 through 8 of the letter that's included in the record at C-187 of the appendix at A-3. It's to the relief that Judge Wessel was granting as an offset to the judgment that had been entered back in October 2020, and our simple argument, Your Honors, is that these issues had never been brought up before. They could have been brought up. They weren't. The entire case went up to the appellate court. Are you referring they could have been brought up at the trial level before these expenses were incurred? Yes, Your Honor, and here's how I believe they could have done it. The counsel for defendant could have reserved issues, could have asked that issues be reserved, could have petitioned the court after the judgment to address anything. I think if you look at what I call the self-help letter, item 2 on there was property insurance prior to the order. That could have brought before the court's attention at any time before that order was entered, and the order in October 2020, Your Honor, made it perfectly clear that the defendant in this case was going to have exclusive possession of the property pending the appeal. And so to the extent that she made payments for certain work done on the property, I would categorize as she was betting that she was going to win the appeal. She had exclusive use of the property. All that work accrued to her benefit while she was living on the property. And then to bring it up in this context, Your Honor, after the case had been decided and had been adjudicated, and we had a specific order in place that enabled us to calculate the judgment amount, that to bring that up within this context was inappropriate that effectively what had come down was a raised judicata order. The trial court conducted a hearing, counsel. Didn't the trial court disagree with your characterization of the events? At the hearing that we had in December with Judge Wessel on the motion to reconsider, is that what you're referring to, Your Honor? Yes, the whole question of these new costs. The trial court disagreed with their characterization and deemed them justified, didn't it? Oh, absolutely, Judge. But I don't think that, again, our argument is he didn't have the authority to do that within this context. But they tried to reserve these issues before the initial case, then he would have had the authority? I believe so, Judge. They were never brought up at any point in time. The potentiality of them being brought up, it was just a new issue. I mean, look, if Ms. Farrell-Hillebrenner had wanted to make an issue of it, I suppose she could have filed a separate action for quantum merit or something along those lines. But to bring it up in the context of this litigation, again, our argument is that the case was already decided. That was the judgment amount pursuant to the order, and that's what we were seeking. And, Your Honors, I mean, that's it in a nutshell. For us, at least. I see no other questions. You'll have time on rebuttal. Ms. Julian, you may proceed. Thank you, Your Honors. It is defendant's position that the plaintiff's argument that the request for post-judgment relief in the form of a set-off of the monetary damages is barred by res judicata is misplaced. Plaintiff cites the Hamilton case for the proposition that absent a petition for rehearing or a petition for leave to appeal to the Supreme Court, the judgment of the appellate court is the final disposition of the case, only on the issues that were decided on the first appeal. Plaintiffs even state in their brief that the only issue on the first appeal was whether or not the rule in Shelley's case applied to this case. There was no issue on appeal relating to the monetary damages, which were agreed to by both parties in the order of October 7th of 2020, which was for the amounts of rent to be paid. On that same day, the order for stay pending appeal, my client was further ordered to obtain renter's insurance and to pay utilities and real estate taxes during the period she was in possession of the property. She was never ordered to pay for repairs and maintenance. This was an agreed order that was negotiated. Had they wanted her to pay for repairs and maintenance, they could have certainly asked for that when we were negotiating for that order. So in as much as the monetary damages, our position is that since those were never on appeal in the first place, they're not barred by res judicata. This is our position is this is a matter of a well established principle and upheld by the Weaver court that we cited in our brief, that a court has continuing jurisdiction to oversee its own processes and ensure that judgments are satisfied. And this includes hearings for requests for post judgment relief, as was the case here. We also cited the Clier court, which held that a post judgment request for an offset of damages to reflect amounts already paid by the defendants. Which is somewhat different than what was done here because she hadn't prepaid any part of the judgment for rent, but that that was not that that's not an attack on the judgment, nor does it seek to modify the final judgment, which plaintiffs are saying here. The Clier court also stated that the fact that the defendants did not avail themselves of the usual post trial motion for relief from judgment was not fatal and that they were not challenging the final judgment itself, but rather they were seeking. A nature of enforcement or supplementary proceedings invoked that invoked the continuing power of the court to uphold its own processes. They also address the, in that case, the timing of the request for set off. And it was held and well established that a defendant is not required to immediately assert her rights against the plaintiff by way of set off if it would be inconvenient or inadvisable to do so. Here, she was continuing to occupy the property. And so no one knew until it was until the first decision of the appellate court came down on the rule in Shelley's case, how long she was going to be there. If she was going to end up owning the property after that decision came down or not. So it would have been inadvisable for her to try to seek some kind of an offset at that time before she before we knew what was going to happen with the property. I also don't believe it would have been advisable for her to let the premises fall into disrepair for which she could have been held responsible for that too. Here in Illinois, as early as 1879, the Illinois Supreme Court held that a court has power in all cases to compel credits on judgments, where it would be illegal or inequitable to proceed to collect the amount claimed. In this case, Judge Wessel even stated in his in our final hearing that the plaintiffs would be unjustly enriched if they were allowed to benefit by the repairs and maintenance that Miss Hellebrenner paid for to have done to the property which effectively enhanced the value of the property to which plaintiffs benefited from. So in summation, we respectfully request that the lower courts decision be affirmed. Did it enhance or maintain the property or both? I believe both, Your Honor. Some of the repairs that were done, painting the buildings, which were a barn was painting the building. She had to keep up the rock road so that it did not fall into disrepair. There were bridge repairs that needed to be done to get back to the house, bathroom repairs that were done, HVAC repairs. So effectively, they probably did somewhat of both, Your Honor. Thank you. I see no questions for you. We'll hear from Mr. Filbert on rebuttal. Thank you, Your Honor. Again, to go to your last question, though, really the record is devoid of any evidence as to whether it enhanced or maintained the property whatsoever. In fact... Counsel, pausing right there, didn't the trial court seem to agree that it did? I would agree with that, Your Honor, that in the trial court's estimation that they felt that it was. Why shouldn't we defer to the trial court's judgment on that point when that court had conducted the hearing and heard what the parties had to say about it? Well, again, Your Honor, it goes back to our basic argument, which was that this matter had been finalized. The judgment order of October 2020 set out a specific roadmap as to how you were going to calculate the judgments. And that's what we were following. I understand the point of timing, but it wasn't until we filed the petition for indirect civil contempt that the defendant even asserted that argument at any time. Under the circumstances in this context, Judge, we felt that the trial judge exceeded his authority and are asking that he be reversed on that matter. What about the court's duty to look into and address unjust enrichment, equities, things of that nature? Otherwise, your argument is a good one, but it's sort of a gotcha forfeiture argument. So my question is, in terms of not allowing a potential unjust enrichment and doing equities, the courts did what it did. Can you address that for us? Yeah, thank you, Judge. The argument that I would make on that point is that the defendant in this case is not barred from seeking any relief. Our argument is simply that to raise it within the context of this overall judgment, that that was improper. And maybe I'll just take that a little step further, is I get the arguments here that there was some unknowns going into everything. But that, first of all, as I argued before, could have been addressed in the underlying order. But to the extent that we have this argument that there was unjust enrichment, things of that nature, that certainly could have been brought in a separate proceeding. Especially after we knew what the property had sold for, things that were not even in the record in this matter, and they could have been addressed. So the defendant was not being barred or permanently shut out from trying to seek this relief. All we're saying is that within the context of this judgment, based on the framework that was laid out in October 2020 and agreed by the parties, that to take extra steps after that were inappropriate. Thank you. I see no further questions. We'll take this matter under advisement. Thank you for your time.